Edwin W. Ensign, Jr., and David T. Ensign, Infants, by Kathryn D. Ensign, Their Guardian ad Litem, Respondents, *v.* New York Life Insurance Company, Appellant.

Third Department, March 7, 1923.

Evidence — action to recover on policy of life insurance — error to permit proof that insured was member of Masonic order — expert and opinion evidence — plaintiffs alleged that insured was burned to death — defendant claimed that body found was that of another — report of physician as to result of post mortem examination put in evidence — plaintiffs' physician gave opinion based thereon that person whose body was found died of pneumonia — error to charge over defendant's objection that jury might disregard expert and opinion evidence entirely.

In an action to recover on a life insurance policy, wherein the plaintiff claimed that the insured was burned to death and the defendant contended that the body found was not that of the insured, it was error for the court to permit the plaintiff to prove that the insured was a member of the Masonic order, which proof was offered for the purpose of establishing his standing and character.

It was error for the court to charge, over objection by the defendant, that the jury might disregard entirely the testimony of an expert for the plaintiff who had given his opinion that influenza pneumonia caused the death of the person whose body was found which opinion was based on a report of a physician, introduced in evidence by the plaintiff, setting forth the conditions which he found on a *post mortem* examination.

Appeal by the defendant, New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Columbia on the 10th day of April, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of April, 1922, denying defendant's motion for a new trial made upon the minutes.

*James H. McIntosh* and *Louis H. Cooke* [*P. C. Dugan* of counsel], for the appellant.

*Mark Duntz* [*John L. Crandell* of counsel], for the respondents.

Van Kirk, J.:

The record discloses that the appellant is justified in conceding that " the facts here proved are essentially the same as in the case

of *Kathryn D. Ensign* v. *Travelers Insurance Company* (193 App. Div. 369)," a companion case to this. In that case this court affirmed the judgment and in the two opinions is a complete statement of the facts. From this statement it appears that the case is very close upon the evidence, but upon this appeal we should consider only errors in rulings of the court. The rulings, to which appellant excepted, and which it urges here, are as follows:

1. The court refused to sustain the challenge of Juror Vandebough. After reading the record we think that the court was justified in allowing the juror to sit.

2. The court permitted evidence that the deceased was a member of the Masonic order: This evidence had no bearing on the merits of the case. It was admitted, the court stated, for the purpose of showing the character and standing of the deceased. We do not think it proper to show that the deceased was a member of a fraternal order. His character and standing may be shown in other ways and jurors may be members of the same order. The result is to introduce an element of sympathy and friendship, more or less direct, to influence the verdict.

3. The court charged that expert testimony may be " entirely rejected." The court charged: " The rule with regard to expert testimony is that, being permissible in courts for the purpose of informing jurors upon subjects which are not common, it may by juries be wholly received and credited or partly received and credited, or entirely rejected. That is the character which the law gives to expert testimony." After the charge this appears: Mr. Dugan, attorney for defendant: " I ask your Honor to charge the jury that inasmuch as the plaintiffs introduced in evidence the report of Dr. Symners, and that the plaintiffs' expert, Dr. Vaughan, basing his opinion upon it having stated that the person whose body he examined at the autopsy presented a typical case of influenza pneumonia, that the jury cannot reject that under our protest. In other words, the plaintiffs having introduced it, they are bound by it in the absence of any evidence introduced to the contrary. The Court: I think I will leave the charge,— do you [Mr. Crandell, plaintiffs' attorney] want to consent to that? Mr. Crandell: I want to object to that on the ground that was only stating a part of it, and the jury should take the entire testimony of Dr. Vaughan together, not one isolated fact. The Court: I think I will leave my charge on expert testimony stand as I made and refuse your request."

Dr. Symners had made a *post mortem* examination and prepared a report, setting forth the conditions he found. This report was offered in evidence by the plaintiffs and received, and Dr. Vaughan,

expert for the plaintiffs, was examined and testified concerning this report and expressed opinions based upon facts stated therein. The chief question submitted to the jury was whether or not the body found in the ruins of the fire was that of Edwin W. Ensign, on whose life the insurance was issued. The defendant attempted to convince the jury that the body found was not that of Mr. Ensign, but of some other person who had died of influenza pneumonia. There were facts stated in the report indicating that this may have been the cause of death. We are of opinion that the charge of the court as given informed the jury they were at liberty to entirely reject the testimony of any expert at will. We think the rule is correctly stated in *Lubbee* v. *Hilgert* (135 App. Div. 227). In that case the trial court had reminded the jury that experts give testimony as to facts and as to opinions, and said: " ' Because the law recognizes that a medical man may give his opinion to the jury; those opinions, however, do not control; they are merely for your guidance, and you can reject them or accept them just as you think proper. They do not in any way conclude you, because it is only an opinion and not evidence as to facts.' " The Appellate Division said (p. 233): " It is proper, and in many cases important, that the jury should be cautioned with respect to the weight to be given to expert testimony, and in order that they may be able to properly weigh such testimony, their attention should be drawn by the court to the fact that, when given in answer to a hypothetical question, its weight depends entirely upon whether or not the facts recited therein are established by the evidence, and that in all cases it depends upon the knowledge, accuracy and honesty of the witnesses, but the jury should be instructed that the testimony of physicians, whether with respect to what they have seen and observed or with respect to their opinions on an assumed state of facts, is not to be rejected or accepted at will, but is to be weighed and considered by the jury the same as any other evidence, the jury being, of course, at liberty, after weighing and considering such testimony, to disbelieve it when it is improbable or when it is discredited or disproved by other testimony in the case or when the jury believe that the witness has testified falsely or was mistaken with respect to any fact or opinion," and held that, because of the error, a new trial should be granted.

The report of Dr. Symners was evidence presented by plaintiffs on their behalf. A party puts in evidence for the purpose of establishing facts which he thinks material. The jury in this case was not at liberty to reject at will the testimony which the plaintiffs had offered. By presenting the evidence they vouched , for its credibility and are not free to claim that it is incredible.

" If a party puts upon the stand a witness who is for any reason assailable, that party asserts or admits the credibility of that witness." (*Pollock* v. *Pollock*, 71 N. Y. 137, 152; *Crossman* v. *Lurman*, 57 App. Div. 393; affd., 171 N. Y. 329.)

We think the charge of the court was erroneous and, in this case, where the evidence is so conflicting and the question of fact to be determined so close, was prejudicial.

The judgment, therefore, should be reversed and a new trial granted, with costs to the appellant to abide the event.

H. T. KELLOGG, Acting P. J., KILEY and HINMAN, JJ., concur; HASBROUCK, J., not sitting.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.