■ VIOLA M. HERRING, Appellant, v EDNA M. HAYES, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Slobod, J.), dated October 31, 1986, which, after a jury trial, is in favor of the defendant and against her.

Ordered that the judgment is affirmed, with costs.

The issue before the jury was whether intensification of the pain in the lower area of the plaintiff's jaw and her resulting need for surgery was proximately caused by trauma sustained in an automobile accident in which the defendant stipulated that he was 75% negligent, or was attributable to the natural progression of a disease called trigeminal neuralgia. The plaintiff repeatedly suffered its symptoms, i.e., pain in the lower area of the jaw, for a period of 10 to 12 years prior to the accident.

The trier of fact is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination of the expert witness. The plaintiff's expert was equivocal upon cross-examination as to whether the competent producing cause of the plaintiff's injuries was the accident in question. As instructed by the court, the jury was at liberty to reject the expert's opinion if it found the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagreed with the opinion *(Ensign v New York Life Ins. Co.,* 204 App Div 690; *Heller v Murray,* 112 Misc 2d 745, 750, *affd* 118 Misc 2d 508; *Morell v Vargas,* 83 Misc 2d 30, 34; *see,* Annotation, *Propriety and effect of instructions in civil case on the weight or reliability of medical expert testimony,* 86 ALR 2d

1038). "The credibility of the witnesses [the plaintiff and her physician] the truthfulness and accuracy of the testimony, whether contradicted or not, and the significance of weaknesses and discrepancies are all issues for the trier of the facts" *(Sorokin v Food Fair Stores,* 51 AD2d 592, 593). It cannot be said that a verdict against the plaintiff could not have been reached on any fair interpretation of the evidence *(see, Murray v Robin,* 108 AD2d 903; *Sorokin v Food Fair Stores, supra; Ellis v Hoelzel,* 57 AD2d 968). Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.