■ John Lay, Appellant, v Lynne Lay, Respondent.—In a proceeding pursuant to Family Court Act § 447 by the father John Lay to obtain reasonable and proper visitation with his children, and in a proceeding pursuant to Family Court Act § 453, to punish the father for violation of a support order, the father appeals from an order of the Family Court, Rockland County (Bergerman, J.), dated May 19, 1987, which dismissed, without prejudice, the petition seeking visitation.

Ordered that the appeal is dismissed, with costs.

At the outset we note that although the order which the father is seeking to appeal bears the docket numbers of both the petition seeking visitation and the petition seeking the issuance of the arrest warrant, it only dismisses, without prejudice, the petition seeking visitation. Nevertheless, the father's notice of appeal indicates that he is appealing, not only from the court's dismissal of the visitation petition, but also from the issuance of a "bench warrant" for his arrest. However, since the order he is seeking to appeal from contains no language regarding the issuance of the warrant, the question of the propriety of the issuance of the warrant is not properly before this court.

Moreover, assuming, arguendo, that the father is seeking to appeal from the court's oral decision directing the issuance of the warrant on April 3, 1987, his appeal must fail because that directive is not an appealable order *(see, Ojeda v Metropolitan Playhouse,* 120 AD2d 717).

Finally, the father's petition seeking visitation was dismissed without prejudice because of his failure to appear on the date set for the hearing on that issue. A party may not appeal from an order entered upon his default *(Calvagno v Nationwide Mut. Fire Ins. Co.,* 110 AD2d 741). Accordingly his appeal must be dismissed. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.