dent. (Appeal No. 2.) [615 NYS2d 1024] —Appeal unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Nassau County, Kutner, J.—Equitable Distribution.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

ONELIA MATOS, as Mother and Natural Guardian of SCOTT D. GARDNER, Respondent, et al., Plaintiff, v ARIEL BLONDET, Appellant. (Appeal No. 1.) [616 NYS2d 322] —Appeal unanimously dismissed without costs *(see,* CPLR 5511; *Lay v Lay,* 144 AD2d 652). (Appeal from Judgment of Supreme Court, Kings County, Hurowitz, J.—Default Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

ONELIA MATOS, as Mother and Natural Guardian of SCOTT D. GARDNER, Respondent, et al., Plaintiff, v ARIEL BLONDET, Appellant. (Appeal No. 2.) [616 NYS2d 322] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Hurowitz, J. (Appeal from Order of Supreme Court, Kings County, Hurowitz, J.—Renewal.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

ONELIA MATOS, as Mother and Natural Guardian of SCOTT D. GARDNER, Respondent, et al., Plaintiff, v ARIEL BLONDET, Appellant. (Appeal No. 3.) [616 NYS2d 322] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Hurowitz, J.). We add only that plaintiff's failure to comply with the requirements of CPLR 3215 (e) does not warrant vacatur of the order entered October 30, 1989, which granted a default judgment in plaintiff's favor. Defendant failed to raise that issue until his second motion for renewal, made more than one year after the denial of his motion to vacate the order granting the default judgment. A motion to renew should not be granted to a party who "has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application" *(Foley v Roche,* 68 AD2d 558, 568; *see, Mid-State El. Co. v Empire-Salina Assocs.* [appeal No. 2], 190 AD2d 1061). On his second motion to renew, defendant sought relief on a legal theory neither advanced in his initial motion for vacatur nor in his original motion to renew. The failure by