■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NASHAWAN JACKSON, Appellant. [618 NYS2d 459] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 4, 1990, convicting him of attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant identified the defendant at trial as the man who shot and attempted to rob him. Another witness testified that the defendant pointed a gun at the complainant while approaching him on the train, and the train operator testified that he saw the defendant put a revolver into a pouch around his waist after the train's emergency brake had been activated. Upon the defendant's arrest, a police officer recovered a pouch which contained a loaded .32 caliber revolver including one spent shell casing, underneath a seat in the train within 15 feet from the defendant. A bullet fragment which had lodged in the complainant's wallet was also recovered.

During the trial, the parties stipulated that a ballistics expert would have testified that he had "determined [that the] bullet fragment * * * came from the .32 caliber gun". The court subsequently denied defense counsel's request to argue in summation that the jury could accept or reject the conclusion reached by the expert and that the bullet did not come from the gun. Contrary to the People's contention, the court erred when it refused to allow defense counsel to argue against the expert's conclusion *(cf., Herring v Hayes,* 135 AD2d 684, 684-685; *People v Williams,* 123 AD2d 897; *People v Amaya,* 122 AD2d 888). However, the error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.