■ DIANNE KEEGAN et al., Respondents, v JAMES PROUT et al., Appellants. [628 NYS2d 124] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated April 7, 1993, which granted the plaintiffs' motion pursuant to CPLR 4404 to set aside a jury verdict in the defendants' favor as against the weight of the evidence.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

After a trial on the issue of liability, the jury found the defendants 100% at fault in the happening of the accident. At the trial on the issue of damages, the parties presented conflicting evidence as to the extent of the injuries sustained by the plaintiff Dianne Keegan in the subject automobile accident. The plaintiffs presented evidence that as a result of the accident, Ms. Keegan suffered, inter alia, chronic pain in her jaw and ears, a clicking in her jaw, and a limitation of her ability to open her mouth. The plaintiffs' expert testified that these symptoms were permanent.

In contrast, the defendants presented evidence indicating that while the click in Ms. Keegan's jaw was likely permanent, it was not necessarily associated with pain, and that her

complaints of pain could not be objectively verified. The defendants' expert further testified that while Ms. Keegan's jaw opening of 30 millimeters was below the average of 35 millimeters for a woman, 30 millimeters might be normal for Ms. Keegan. He further testified that any limitation to Ms. Keegan's use of her jaw was neither consequential nor significant.

The jury returned a special verdict in favor of the defendants, finding that the accident was the cause of Ms. Keegan's injuries, but that she had not sustained either a significant limitation of the use of a body function or system or a permanent consequential limitation of the use of a body organ or member. The trial court granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, and ordered a new trial on the issue of damages.

We disagree. It is well settled that a verdict in favor of the defendants should not be set aside unless the evidence preponderates so heavily in the plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence (see, Tarantino v Vanguard Leasing Co., 187 AD2d 422; Nicastro v Park, 113 AD2d 129, 134). Here, the evidence presented at trial created sharp issues of fact regarding the extent of Ms. Keegan's injuries (see, Kupfer v Dalton, 169 AD2d 819). The evidence presented by the defendants, if credited, was sufficient to establish that Ms. Keegan did not sustain a serious injury (see, Gaddy v Eyler, 79 NY2d 955, 957; Scheer v Koubek, 70 NY2d 678, 679; Licari v Elliott, 57 NY2d 230, 236). The jury was entitled to credit the defendants' witnesses and discredit the plaintiffs' witnesses (see, Buchberger v Barrack, 151 AD2d 632; Lopez v Marcus, 137 AD2d 665). The Supreme Court therefore erred in concluding that the verdict was against the weight of the evidence.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.