■ WALTER GALIMBERTI, Appellant, v CARRIER INDUSTRIES, INC., et al., Respondents. [635 NYS2d 698] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered June 16, 1993, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A verdict should not be set aside unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (see, Keegan v Prout, 215 AD2d 629; Gagliardi v Madden, 207 AD2d 478; Nicastro v Park, 113 AD2d 129). Issues of fact were presented regarding whether the plaintiff had sustained a "permanent consequential" or "significant" limitation of use of a body organ or system to satisfy the serious injury threshold set forth in Insurance Law § 5102 (d). The jury properly considered the conflicting testimony and it was entitled to credit the defendants' witnesses and discredit the

plaintiff's witnesses (*Keegan v Prout, supra*). We are satisfied that the verdict could have been reached on a fair interpretation of the evidence and that it therefore should not be set aside (*Gagliardi v Madden, supra*).

The fact that the testimony of the plaintiff's dental expert was uncontradicted does not render such testimony conclusive (*see, Herring v Hayes*, 135 AD2d 684; *Sorokin v Food Fair Stores*, 51 AD2d 592). The jury could have remained unconvinced that the plaintiff suffered a permanent consequential loss of a body organ or a significant limitation of a body system, a conclusion which is supported by a fair interpretation of the evidence (*see, Gagliardi v Madden, supra*). Thompson, J. P., Altman, Friedmann and Goldstein, JJ., concur.