■ CATHERINE M. SEAMAN, Respondent, v TOWN OF BABYLON, Third-Party Plaintiff-Appellant. EUGENE SOWINSKI, Doing Business as RAINBOW LANDSCAPING & DESIGN Co., Third-Party Defendant-Respondent. [647 NYS2d 991] —In an action to recover damages for personal injuries and wrongful death, the defendant third-party plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated March 2,

1995, which, upon a jury verdict (a) finding the defendant third-party plaintiff 90% at fault in the happening of the accident and the plaintiff's decedent 10% at fault, and (b) apportioning liability between the defendant third-party plaintiff and the third-party defendant 70% to the third-party defendant and 30% to the defendant third-party plaintiff, is in favor of the plaintiff and against it awarding damages, and (2) an amended judgment of the same court entered March 22, 1995, which, upon assessing costs to the plaintiff, is in favor of the plaintiff and against it.

Ordered that the appeal from the judgment dated March 2, 1995, is dismissed, as that judgment was superseded by the amended judgment entered March 22, 1995; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant third-party plaintiff.

On July 16, 1986, the plaintiff's decedent was electrocuted by an overhead electrical distribution wire while cutting down a dead tree situated on land owned by the defendant Town of Babylon (hereinafter the Town). The decedent was standing on an uninsulated aerial platform provided by his employer, the third-party defendant Eugene Sowinski, doing business as Rainbow Landscaping & Design Co. (hereinafter Sowinski), when he was electrocuted. The plaintiff, as administratrix of the decedent's estate, commenced the instant action against the Town. The Town thereafter commenced a third-party action for contribution and indemnification against Sowinski.

We find unpersuasive the Town's contention that the court improperly denied its motion made at the close of the plaintiff's case for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiff (*see, Marrero v 720 De-Graw Funding Corp.,* 199 AD2d 248), there was sufficient evidence for the jury to rationally conclude that the Town was negligent in violating Labor Law § 200 and 12 NYCRR 3.6 (c), and that such negligence was a proximate cause of the decedent's death. Moreover, the jury's apportionment of fault should not be disturbed since it was based on a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Questions of negligence and apportionment of fault are generally matters for the fact finder (*see, Glassman v City of New York,* 225 AD2d 658; *Rhoden v Montalbo,* 127 AD2d 645, 646), since resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are peculiarly within the province of the jury (*see, Pannetta v Ramo,* 138

AD2d 686, 687; *Sorokin v Food Fair Stores,* 51 AD2d 592, 593). Additionally, the Town failed to advance any plausible legal theory under which it would be entitled to indemnification from Sowinski.

Finally, we find that the court's charge to the jury was proper. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.