■ DOMINIC PEDONE, Respondent, v B & B EQUIPMENT CO., INC., Appellant. [662 NYS2d 766] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated

June 6, 1996, which, upon a jury verdict on the issue of liability, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that the defendant's actions were not the proximate cause of his injury and granted a new trial on the issue of causation.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the jury verdict on the issue of proximate cause is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment dismissing the complaint.

The plaintiff commenced the action against the defendant, B & B Equipment Co., Inc. (hereinafter B & B), alleging, *inter alia,* that a backhoe leased from B & B was defective, causing the "boom" of the machine to drop suddenly and injure him. At trial, it was established that the plaintiff's father was operating the backhoe at the time the accident occurred. The plaintiff's father testified that he had his hands in his lap, away from the controls, when the boom fell. However, the principal of B & B, John Beaulieu, testified that shortly after the accident took place, the plaintiff's father called him and stated that he had been operating the machine and that he "swung it around and his son was standing there and he hit * * * his son". Further, Beaulieu testified that the plaintiff's father also told him that he had no workers' compensation insurance and requested that Beaulieu file the claim under his insurance.

After trial, the jury found that B & B was negligent, but that its negligence was not the proximate cause of the injury. Upon the plaintiff's motion, the court set aside the verdict as against the weight of the evidence on the issue of proximate cause. The court found, *inter alia,* that "[w]hile the jury might well have disbelieved some or even much of the [plaintiff's evidence]", there was insufficient evidence to establish that the accident was caused by anything other than the defendant's negligence. We reverse.

It is well settled that, "a verdict should not be set aside unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence" *(Galimberti v Carrier Indus.,* 222 AD2d 649; *Keegan v Prout,* 215 AD2d 629, 630; *Ciotti v New York Hosp.,* 221 AD2d 581; *Gagliardi v Madden,* 207 AD2d 478; *Cerasuoli v Brevetti,* 166 AD2d 403, 404; *see also, Nicastro v Park,* 113 AD2d 129, 134; *cf., Seaman v Town of Babylon,* 231 AD2d 704).

Measured against this standard, we find that the jury's

verdict as to proximate cause was supported by a fair interpretation of the evidence. The plaintiff's father offered one account of how the accident occurred at trial, but, according to testimony offered by B & B, he described the accident in a contradictory fashion immediately after it occurred. Moreover, as the court itself recognized, the jury could rationally and fairly have declined to credit material portions of the plaintiff's case, including the testimony of the plaintiff's expert witness *(see, Galimberti v Carrier Indus., supra; Herring v Hayes,* 135 AD2d 684). Notably, "[t]he credibility of the witnesses, the truthfulness and accuracy of the testimony, whether contradicted or not, and the significance of weaknesses and discrepancies are all issues for the trier of facts" *(Sorokin v Food Fair Stores,* 51 AD2d 592, 593; *see, Seaman v Town of Babylon, supra; Galimberti v Carrier Indus., supra,* at 650). In light of the foregoing, it cannot be said that the verdict in favor of B & B on the issue of proximate cause was unsupported by any fair interpretation of the evidence. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.