■ HIMILCE CRUZ, Appellant, v FIRST CALL AMBULETTE SERVICE CORPORATION, Respondent. [663 NYS2d 262] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), dated September 9, 1996, as granted the defendant's motion to vacate a default judgment of the same court (Ramirez, J.), entered January 24, 1996, which was in favor of the plaintiff and against the defendant in the total sum of $268,250, to the extent of vacating the damage award and directing that a new inquest be conducted.

Ordered that the order is modified, on the law and as a matter of discretion in the interest of justice, by adding thereto a provision directing the defendant to post a surety bond as a condition of vacating the damage award; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of the bond.

The Supreme Court did not improvidently exercise its discretion in granting the defendant's motion to vacate the default judgment to the limited extent of setting aside the damage

award and directing a new inquest at which the defendant may litigate the issue of damages (*see, Interboro Mgt. Co. v State Div. of Human Rights,* 139 AD2d 697; *Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907). However, we further find that the court should have granted the plaintiff's request that the defendant be required to post a surety bond as a condition of vacating the damage award (*see, Glick Supply Co. v Satterwhite,* 215 AD2d 179; *Rubin v Payne,* 103 AD2d 946). We remit this issue to the Supreme Court to fix the amount of the bond.

The defendant's arguments attacking the propriety of the underlying default judgment are not properly presented for our review in the absence of a cross appeal (*see, Hecht v City of New York,* 60 NY2d 57). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.