■ YOSEF D. RIEGER, Appellant, v ABRAM LANDAU, Respondent. [682 NYS2d 90] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated October 31, 1997, which, upon a jury verdict, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

During the trial on the issue of liability, the plaintiff testified that, while a guest in the home of the defendant, his grandfather, he attempted to move a so-called "hi-rise" bed from one room to another with the help of one of his brothers. As the two young men were moving the folded hi-rise bed, the bed allegedly sprang open and severed the plaintiff's finger. The plaintiff could not remember what part of the bed he was holding, what portion of the bed had caught and cut his finger, or even which of his brothers had been helping him move the bed. The plaintiff's expert, whose areas of expertise were largely military and did not include consumer products, testified that although he had no experience with the manufacture or design of beds, it was his opinion that the bed at issue was dangerously designed, such that while the plaintiff held the bed at a conjectured spot, it had probably sprung open in such a way that "a sharp corner or something at this end sliced his finger". The expert did not know who had manufactured the bed, or if there had ever been any other accidents involving it.

Given the state of the plaintiff's evidence, we conclude that there is no reason to disturb the jury's finding that the plaintiff failed to establish that his accident had been caused by any design defect in the bed of which the defendant should have known and warned him (*see, e.g., Pedone v B & B Equip. Co.,* 239 AD2d 397; *Berrios v General Star Corp.,* 210 AD2d 131; *Herring v Hayes,* 135 AD2d 684).

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.