■ HAROLD FERNANDEZ et al., Respondents, v HC JAMS, INC., et al., Appellants. [687 NYS2d 907] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order and an amended order of the Supreme Court, Kings County (Kramer, J.), dated July 1, 1998, and July 15, 1998, respectively, as denied their motion to vacate a judgment of the same court entered January 5, 1998, upon their default in appearing, directed them to post a $100,000 bond to stay enforcement of the judgment, and directed them to pay the plaintiffs' reasonable attorneys fee.

Ordered that the appeal from the order dated July 1, 1998, is dismissed, as that order was superseded by the amended order dated July 15, 1998; and it is further,

Ordered that the amended order dated July 15, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendants' contention that the judgment entered upon their default is a nullity because the plaintiffs failed to comply with CPLR 3215 (f) is unpreserved for appellate review (*see, Matos v Blondet,* 206 AD2d 968). In any event, the contention is without merit.

The Supreme Court properly denied the defendants' motion to vacate the default judgment in light of their failure to provide any reasonable excuse for their failure to timely appear in the action (*see, Roussodimou v Zafiriadis,* 238 AD2d 568).

In addition, it was proper to require the defendants to post a $100,000 bond as a condition to staying enforcement of the judgment (*see, Cruz v First Call Ambulette Serv. Corp.,* 243 AD2d 599; *52-54 E. End Assocs. v Weinstein Assocs.,* 167 AD2d 234), and to require the defendants to pay the plaintiffs' reasonable attorneys fee as compensation for the delay and associated costs caused by the defendants' neglect (*see, e.g., Lammers v Lammers,* 227 AD2d 255). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.