■ BURT HERSH, Respondent, v PATRICIA DIEKMANN, Appellant. [695 NYS2d 706] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Hall, J.), entered January 15, 1999, which, upon a jury verdict finding the plaintiff Burt Hersh 60% at fault in the happening of the accident and the defendant Patricia Diekmann 40% at fault, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial on the issue of liability.

Ordered that the notice of appeal from the order entered January 15, 1999, is deemed an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to

the Supreme Court, Suffolk County, for a trial on the issue of damages; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that a verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Gomez v Park Donuts,* 249 AD2d 266; *Nicastro v Park,* 113 AD2d 129). Measured against this standard, the jury's verdict here should not have been disturbed (*see, Pedone v B&B Equip. Co.,* 239 AD2d 397; *Nicastro v Park, supra*). Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.