■ ROBERT ZAPATA et al., Appellants, v MICHAEL DAGOSTINO et al., Respondents. [696 NYS2d 194] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Posner, J.), dated April 8, 1998, which denied their motion, *inter alia,* to set aside a jury verdict in favor of the defendants and against the plaintiff Robert Zapata, and (2) a judgment of the same court, dated March 25, 1998, which, upon the jury verdict finding that the plaintiff Robert Zapata did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as the result of the accident, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The jury verdict was not against the weight of the evidence, as it was based on a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). The evidence established that in October 1994 the injured plaintiff, Robert Zapata (hereinafter the plaintiff), developed a bulging disk in his back due to a work-related injury. In January 1995 the plaintiff was struck on his left side and leg by an automobile driven by the defendant Salvatore Dagostino. Several days later, the plaintiff visited a physician complaining of pain in his left side for which he was given pain medication. Over the next six months, although claiming he was in constant back pain, the plaintiff did not seek further medical attention for his condition.

In July 1995 the plaintiff was painting a building, which involved physical activity such as bending, lifting, and stretch-

ing, when he experienced severe pain in his back. At that time, and upon the advice of his attorney, the plaintiff went to Dr. German Shapiro for treatment. Although the plaintiff and Dr. Shapiro both testified that the plaintiff informed the doctor of his prior back injury, the medical records and the notes of the physical therapist contradict their testimony and indicate that the plaintiff either neglected to mention the October 1994 injury, or claimed he injured his side. Further, it appears quite clear that the plaintiff failed to inform the defendants' medical experts, Dr. Lawrence Miller and Dr. Chandra Sharma, of his prior back injury when he went for an examination. Thus, although Drs. Miller and Sharma initially concluded that Zapata's injury was causally related to the car accident, their opinions were based on the limited information provided to them by the plaintiff. At trial, when they were made aware that the plaintiff had not been truthful, they changed their original opinions, testifying that a bulging disk could progress into a herniated disk either in the absence of external trauma or as a result of physical activity such a lifting, bending, and stretching. Their revised opinions were that the car accident was only a partial cause of the plaintiff's back injury.

Based on the foregoing, the jury could properly have determined not to credit the plaintiff's testimony. It could have concluded that the injury did not occur as the result of the car accident, but rather as the result of the physical labor the plaintiff engaged in after sustaining a bulging disk. Alternatively, the jury could have found that the plaintiff's back problem simply worsened over time in the absence of external trauma.

A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination (see, *Herring v Hayes,* 135 AD2d 684). Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion (see, *Herring v Hayes, supra; Ensign v New York Life Ins. Co.,* 204 App Div 690). Thus, the jury in this case was free to disregard the testimony of the defendants' medical experts that the plaintiff's injury was only partially caused by the car accident because the facts differed from those which formed the basis of their opinions. For the same reason, the jury was free to disregard the opinion of the plaintiffs' expert, Dr. Shapiro, that the plaintiff suffered injuries as a result of the car accident. Accordingly, the jury evaluated the

evidence which it found to be credible and rendered a verdict that was based on a fair interpretation of all the evidence.

The plaintiffs' contention that a new trial is required as a result of inflammatory and prejudicial remarks made by the defendants' attorney during summation is without merit. Counsel's remarks either constituted fair comment on the evidence or were not so improper as to deprive the plaintiffs of a fair trial (*see, Bagailuk v Weiss,* 110 AD2d 284; *Reilly v Billy Blake Discount Dept. Stores,* 39 AD2d 925).

Finally, the plaintiffs were not entitled to a directed verdict on the issue of the aggravation of a preexisting injury. Since the plaintiffs failed to allege such damages in the complaint or bill of particulars, the Supreme Court properly denied the motion (*see, Behan v Data Probe Intl.,* 213 AD2d 439). S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.