■ JOHN E. BETHELL, Appellant-Respondent, v DAVID STEPHENS, Respondent-Appellant. [701 NYS2d 443] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme

Court, Kings County (Patterson, J.), dated December 22, 1997, as, upon a jury verdict in his favor and against the defendant in the principal sum of $950,000, granted those branches of the defendant's motion pursuant to CPLR 4404 which were to set aside the verdict as against the weight of the evidence and for a new trial, and the defendant cross-appeals from so much of the same order as denied that branch of the motion which was for judgment in his favor as a matter of law.

Ordered that the order is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the defendant's motion which was to set aside the verdict on the issue of liability as against the weight of the evidence and for a new trial on the issue of liability, and substituting therefor a provision denying that branch of the defendant's motion, and (2) deleting the provision thereof granting that branch of the defendant's motion which was to set aside the verdict as to damages and for a new trial on damages, and substituting therefor a provision granting that branch of the defendant's motion, unless the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages from the sum of $950,000 to the sum of $125,000, and to the entry of an appropriate judgment accordingly; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements. The plaintiff's time to serve and file the stipulation in accordance herewith is extended until 30 days after service upon him of a copy of this decision and order with notice of entry.

The plaintiff commenced this action to recover damages for medical malpractice alleging that the defendant doctor was negligent in his care and treatment of the plaintiff's nondominant hand after it was injured in an accident. After a trial, the jury found in favor of the plaintiff and awarded damages. Thereafter, the defendant moved, *inter alia*, to set aside the verdict as against the weight of the evidence and for a new trial.

A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954; *Cohen v Hallmark Cards,* 45 NY2d 493; *Gomez v Park Donuts,* 249 AD2d 266; *Nicastro v Park,* 113 AD2d 129). Since the jury verdict on the issue of liability could have been reached upon a fair interpretation of the evidence, it should not have been disturbed (*see, Pedone v B & B Equip. Co.,* 239 AD2d 397; *Nicastro v Park, supra*).

We agree, however, that the jury's award of damages deviated materially from what would be reasonable compensation to the extent indicated herein (*see,* CPLR 5501 [c]; *Rivera v City of New York,* 160 AD2d 985). Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.