■ ANGELA COYLE et al., Respondents, v STAPLES, INC., Doing Business as STAPLES THE OFFICE SUPERSTORE, Appellant. [701 NYS2d 445] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Gerges, J.), dated March 25, 1999, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury verdict in its favor as against the weight of the evidence, and for a new trial on the issue of liability.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

The plaintiff Angela Coyle was injured when a box fell from a shelf in the defendant's store and hit her on the head. The jury returned a verdict in favor of the defendant, which the Supreme Court set aside as against the weight of the evidence.

Contrary to the defendant's contention, the Supreme Court did not err in considering the plaintiffs' motion to set aside the verdict. However, the Supreme Court erred in granting the motion.

A jury verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (see, Gomez v Park Donuts, 249 AD2d 266; Nicastro v Park, 113 AD2d 129). When considered in light of this standard, the verdict should not have been disturbed (see, Hersh v Diekmann, 264 AD2d 815; Nicastro v Park, supra). The jury could have found that the defendant was negligent, but that such

negligence was not a proximate cause of the accident (*see, Pedone v B & B Equip. Co.,* 239 AD2d 397).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.