■ GARY MAZZA, Appellant, v KEVIN O'KEEFE, Respondent. [713 NYS2d 205] —In an action to recover damages for personal

injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated September 3, 1999, which, after a trial on the issue of damages only, denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against him.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages for personal injuries allegedly sustained in a two-vehicle collision. After a trial on the issue of damages only, the jury returned a verdict in favor of the defendant. The trial court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict.

The plaintiff was not entitled to judgment against the defendant as a matter of law, as "the evidence is such that it was not utterly irrational for the jury" to return a verdict in the defendant's favor (*Parten v Lynn Auto Parts*, 247 AD2d 523, 524; *see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Lengares v B & A Warehousing*, 216 AD2d 273, 274). In addition, the verdict was not against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134; *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643). That the plaintiff's evidence was not contradicted did not render it conclusive, especially in light of the testimony elicited by the defendant on cross-examination of the plaintiff and the plaintiff's expert witness (*see, Pedone v B & B Equip. Co.*, 239 AD2d 397, 399; *Galimberti v Carrier Indus.*, 222 AD2d 649; *Herring v Hayes*, 135 AD2d 684; *Pertofsky v Drucks*, 16 AD2d 690). Accordingly, the Supreme Court properly denied the plaintiff's motion. O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.