■ ROBERT SCHRAY et al., Appellants, v AMERADA HESS COR-
PORATION et al., Respondents. [746 NYS2d 405]

Contrary to the plaintiffs' contention, the Supreme Court
properly denied their motion pursuant to CPLR 4404 (a) to set
aside the verdict on the issue of liability as a matter of law and
as against the weight of the evidence. A verdict is not sup-
ported by legally sufficient evidence if there is no "valid line of
reasoning and permissible inferences which could possibly lead
rational [persons] to the conclusion reached by the jury on the
basis of the evidence presented at trial" (*Cohen v Hallmark
Cards,* 45 NY2d 493, 499; *see Nicastro v Park,* 113 AD2d 129).
Here, a valid line of reasoning and permissible inferences could
lead a rational jury to conclude that, while the defendants
were negligent in their maintenance or modification of the rope
in question, the accident was caused by the injured plaintiff's
own negligence, or by some other condition not created by the
defendants.

Moreover, "the discretionary power to set aside a jury verdict
and order a new trial must be exercised with considerable cau-
tion, for in the absence of indications that substantial justice
has not been done, a successful litigant is entitled to the
benefits of a favorable jury verdict" (*Nicastro v Park, supra* at
133). In reviewing the record to ascertain whether the verdict
was based on a fair reflection of the evidence, great deference
is accorded to the fact-finding function of the jury, as it was in
the foremost position to assess witness credibility (*see Salazar
v Fisher,* 147 AD2d 470, 472). Here, according due deference to
the jury's fact-finding function, we are not persuaded that the
verdict as to liability was against the weight of the evidence
(*see Cohen v Hallmark Cards, supra; Nicastro v Park, supra*).
Accordingly, the Supreme Court properly denied the plaintiffs'
motion. Altman, J.P., Krausman, Schmidt and Crane, JJ.,
concur.