■ VINCENT PICKERING, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [749 NYS2d 428] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered June 27, 2001, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict on the issue of damages as against the weight of the evidence, is in favor of the plaintiff and against it in the principal sum of $492,460.23.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Vincent Pickering, allegedly was injured when the subway train in which he was seated collided with another train. The defendant conceded liability and a trial was conducted on the issue of damages only. The jury awarded the plaintiff damages in the principal sum of $492,460.23. The defendant contends that the Supreme Court improperly denied its motion to set aside the verdict, arguing that the jury could not have reached the conclusion that the accident caused the plaintiff's injuries on any fair interpretation of the evidence.

"[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park,* 113 AD2d 129, 133). It is well settled that a jury verdict will not be set aside as against the weight of the evidence unless " 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park, supra* at 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see also Mazza v O'Keefe,* 275 AD2d 696, 697).

Upon a review of the record, the jury's conclusion that the accident was the proximate cause of the plaintiff's injuries was not against the weight of the evidence. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.