(April 7, 2003)

■ FREDERICK ADELMAN et al., Respondents, v JOSEPH R. ATTONITO, Appellant. [758 NYS2d 357] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated December 19, 2001, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in his favor as against the weight of the evidence, and directed a new trial. Justice Rivera has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The plaintiffs, Frederick Adelman and Abbey Adelman, husband and wife, retained the defendant Joseph Attonito to prosecute a breach of contract action against Allstate Insurance Company (hereinafter Allstate) after their insurance claim for a fire loss was denied. Allstate sent a demand for a "Sworn Statement In Proof Of Loss" to the defendant; however, the defendant neither responded to the demand nor forwarded it to the plaintiffs for completion. The plaintiffs' breach of contract action against Allstate was ultimately dismissed due to their failure to complete and return the statement in proof of loss within the 60-day period as mandated by their insurance policy. The plaintiffs then commenced the instant action against the defendant to recover damages for legal malpractice.

During the trial on the issue of liability, the defendant admitted that it was his responsibility to insure that the statement in proof of loss form was completed and returned to Allstate within 60 days. In view of the defendant's admission, the jury was instructed to determine the issue of proximate cause, that is, whether the plaintiffs would have been successful in their underlying action against Allstate but for the defendant's negligence (see Ippolito v McCormack, Damiani, Lowe & Mellon, 265 AD2d 303 [1999]; Iannarone v Gramer, 256 AD2d 443 [1998]). The jury found in favor of the defendant. The Supreme Court granted the plaintiffs' motion to set aside the verdict as against the weight of the evidence.

A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (see Coyle v Staples, Inc., 268 AD2d 500 [2000]; Nicastro v Park, 113 AD2d 129 [1985]). The Supreme Court properly granted the plaintiffs' motion and ordered a new trial. The jury's determination that the plaintiffs would not have been successful in their underly-

ing action against Allstate could not have been reached upon any fair interpretation of the evidence. We agree with the Supreme Court that there was insufficient evidence to support the defendant's contention that the plaintiffs would not have prevailed in their underlying action because they made material misrepresentations to Allstate.

Since the plaintiffs failed to cross appeal, we do not reach their contention that the plaintiff Abbey Adelman was entitled to a judgment as a matter of law (see Hecht v City of New York, 60 NY2d 57 [1983]; Cruz v First Call Ambulette Serv. Corp., 243 AD2d 599, 600 [1997]). S. Miller, J.P., Friedmann, Cozier and Rivera, JJ., concur.