■ Frank Ramunni, Appellant, v John Anastasi, Respondent. [758 NYS2d 822] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of

the Supreme Court, Queens County (Sampson, J.), entered May 28, 2002, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries he sustained when the defendant's dog ran and pulled the dog leash out of the defendant's hand, causing the dog leash to hit the plaintiff in the face. The jury found that the defendant was negligent but that his negligence was not a substantial factor in causing the occurrence.

Contrary to the plaintiff's contentions, the verdict was not against the weight of the evidence. A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence "unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park,* 113 AD2d 129, 134 [1985], quoting *Delgado v Board of Educ.,* 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]; *see Hersh v Diekmann,* 264 AD2d 815 [1999]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see Schray v Amerada Hess Corp.,* 297 AD2d 339 [2002]). Under the circumstances of this case, the jury could have concluded, based on a fair interpretation of the evidence, that the defendant was negligent but that his negligence was not a proximate cause of the incident.

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.