■ MICHAEL F. KALLON, Appellant, v HENRY R. LAMAUTE et al., Defendants, and KYOUNG JUN SON, Respondent. [782 NYS2d 672]—In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), dated April 30, 2003, as, upon a jury verdict, is in favor of the defendant Kyoung Jun Son and against him, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the verdict was not against the weight of the evidence. A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence "unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park,* 113 AD2d 129, 134 [1985], quoting *Delgado v Board of Educ.,* 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]; *see Hersh v Diekmann,* 264 AD2d 815, 816 [1999]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see McDonagh v Victoria's Secret,* 9 AD3d 395, 396 [2004]; *Schray v Amerada Hess Corp.,* 297 AD2d

339 [2002]; *Teneriello v Travelers Cos.*, 264 AD2d 772 [1999]). Under the circumstances of this case, the jury could have concluded, based on a fair interpretation of the evidence, that the respondent did not commit medical malpractice.

The plaintiff's remaining contentions are unpreserved for appellate review, and in any event, are without merit. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.