Doucette v Cuviello (2018 NY Slip Op 02049)





Doucette v Cuviello


2018 NY Slip Op 02049


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


165 CA 17-01239

[*1]NEIL DOUCETTE AND VICTORIA DOUCETTE, PLAINTIFFS-RESPONDENTS,
v
KYLE T. CUVIELLO, DEFENDANT-APPELLANT. 
KYLE T. CUVIELLO, THIRD-PARTY PLAINTIFF-APPELLANT,
v
SARAH DOUCETTE, THIRD-PARTY DEFENDANT-RESPONDENT.






LAW OFFICES OF VICTOR M. WRIGHT, ORCHARD PARK (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT. 
 


 Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered September 29, 2016. The order granted plaintiffs' motion pursuant to CPLR 4404 (a) and directed partial judgment on the issues of defendant-third-party plaintiff's liability in favor of plaintiffs. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the jury verdict is reinstated.
Memorandum: Plaintiffs commenced this action asserting direct and derivative causes of action based on injuries sustained by Neil Doucette (plaintiff) when the vehicle operated by third-party defendant, in which plaintiff was a passenger, collided with the vehicle operated by defendant-third-party plaintiff (defendant). The main and third-party actions were tried jointly, and the jury reached a verdict finding that defendant's negligence was not a substantial factor in causing injury to plaintiff. Plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in their favor or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial. Supreme Court granted plaintiffs' motion to set aside the verdict and directed partial judgment on the issue of liability in favor of plaintiffs, determining as a matter of law that defendant was negligent and that such negligence was a substantial factor in causing injuries to plaintiff. The court ordered that the matter be set for a new jury trial to determine the issues of third-party defendant's negligence, apportionment of any fault, serious injury under Insurance Law § 5102 (d), and damages. We reverse and reinstate the verdict.
As a preliminary matter, we note our difficulty in reviewing this case inasmuch as the court failed to set forth its reasoning for setting aside the verdict (see generally McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]). Overturning the verdict of a duly impaneled jury is an act of such significance and impact to the parties and the court system that a trial court should rarely, if ever, foreclose appellate review of its rationale by failing to issue a decision.
We agree with defendant that there was no basis to set aside the jury's verdict based on the legal insufficiency of the evidence or as against the weight of the evidence. In order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to [*2]the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). In light of the evidence of plaintiff's preexisting injuries and treatment, there is a valid line of reasoning by which the jury could have concluded that plaintiff's alleged neck and/or back injuries and his consequent surgeries were not the result of the motor vehicle accident (see Quigg v Murphy, 37 AD3d 1191, 1193 [4th Dept 2007]). We are cognizant of the fact that even defendant's expert opined in general terms that plaintiff sustained strains of his neck and back as a result of the accident. However, our review of his testimony as a whole establishes that he found no objective evidence of a sprain or a strain and that he was simply giving plaintiff "the benefit of the doubt" on the issue of causation. The jury chose not to give plaintiff the same "benefit of the doubt," as it was entitled to do (Zapata v Dagostino, 265 AD2d 324, 325 [2d Dept 1999]). Indeed, the jury was entitled to reject the testimony of both plaintiffs' and defendant's experts upon determining that "the facts differed from those which formed the basis of [the experts'] opinions" (id. at 325). In our view, it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen, 45 NY2d at 499). Nor can it be said that the verdict was against the weight of the evidence, i.e., that the evidence so preponderated in favor of plaintiffs that the verdict " could not have been reached upon any fair interpretation of the evidence' " (Dennis v Massey, 134 AD3d 1532, 1533 [4th Dept 2015]).
In light of our determination, defendant's remaining contention with respect to proximate cause is academic.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court