Angel Barbosa, Respondent,
against
Motor Vehicle Accident Indemnification Corporation, Appellant.




Kornfeld, Rew, Newman & Simeone, Esqs. (William S. Badura of counsel), for appellant.
Kujawski & Kujawski, Esqs. (Jennifer A. Spellman of counsel), for respondent.

Appeal from an interlocutory judgment of the Suffolk County Court (James P. Flanagan, J.) entered March 9, 2018. The interlocutory judgment, upon a December 22, 2015 oral order in which the court, after it had reserved decision on plaintiff's CPLR 4401 motion for a directed verdict on the issue of liability, granted, after the jury rendered its verdict in favor of defendant, that motion, set aside the jury verdict, and, in effect, denied as moot plaintiff's postverdict CPLR 4404 (a) motion, is in favor of plaintiff on the issue of liability. The appeal was transferred to this court by decision and order of the Appellate Division, Second Judicial Department, dated September 23, 2016.




ORDERED that, on the court's own motion, the notice of appeal from the December 22, 2015 oral order is deemed a premature notice of appeal from the interlocutory judgment entered March 9, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the interlocutory judgment is reversed, without costs, the oral order is vacated, plaintiff's CPLR 4401 motion is denied, and the matter is remitted to the Suffolk County Court for a determination on the merits of plaintiff's CPLR 4404 (a) motion.
This personal injury action arises out of an incident which occurred at 4:30 a.m. on May 27, 2010, when plaintiff, an in-line skater, was struck by an unidentified motor vehicle and sustained injuries. At a trial on the issue of liability, the testimony revealed that plaintiff had been struck from behind as he was skating uphill around a right-hand curve of the street. Plaintiff testified that he had skated as close to the curb as possible, but admitted that to skate uphill, he had to swing his body side to side, at times pulling his body away from the curb approximately one and one-half feet into the curving street.
At the close of the evidence, plaintiff moved, pursuant to CPLR 4401, for a directed verdict on the issue of liability, and the court reserved decision. After the jury returned a verdict [*2]in favor of defendant, finding that plaintiff had not even been struck by a motor vehicle, plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence. On December 22, 2015, the County Court issued an oral order which granted plaintiff's CPLR 4401 motion for a directed verdict on the issue of liability, set aside the jury verdict, and, in effect, denied, as moot, plaintiff's CPLR 4404 (a) motion. An interlocutory judgment was entered pursuant to that order.
The County Court erred in finding as a matter of law in favor of plaintiff on the issue of liability, because there are issues as to whether plaintiff had exercised reasonable care under the circumstances and whether he had been free from comparative fault (see CPLR 4401; Lanigan v Timmes, 111 AD3d 797, 798 [2013]; Ferdinand v Motor Veh. Acc. Indem. Corp., 46 Misc 3d 137[A], 2015 NY Slip Op 50070[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, plaintiff's motion for a directed verdict pursuant to CPLR 4401 should have been denied.
In view of the foregoing, there remains to be determined on the merits plaintiff's CPLR 4404 (a) motion to set aside the jury verdict as against the weight of the evidence, as that motion, in light of our determination herein, is no longer moot. We note that a jury verdict may be set aside as against the weight of the evidence and a new trial ordered, pursuant to CPLR 4404 (a), where the verdict could not have been reached on any fair interpretation of the evidence (see Galimberti v Carrier Indus., 222 AD2d 649, 649 [1995]; Kapoor v Zahoor, 56 Misc 3d 135[A], 2017 NY Slip Op 50962[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the interlocutory judgment is reversed, the oral order is vacated, plaintiff's CPLR 4401 motion is denied, and the matter is remitted to the Suffolk County Court for a determination on the merits of plaintiff's CPLR 4404 (a) motion.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019