■ MAURICE H. WESSEL et al., Appellants, v. LOU KROP, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: In granting defendant's motion at the close of the evidence for judgment in his favor the trial court made it clear that his determination was predicated upon a consideration of the weight of the testimony of the medical expert called by plaintiffs. However, weight of the evidence is not a valid basis for withdrawing the case from

a jury upon a motion made pursuant to CPLR 4401, which encompasses motions to dismiss the complaint for a nonsuit, motions for a directed verdict and motions for judgment based on admissions or opening statements. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.01.) A motion for judgment at the close of the entire case is substantially equivalent to a motion for a directed verdict made at that point. " A final determination on the facts by a direction of verdict must rest on broader ground than weight of evidence alone. A direction may be made only when a contrary verdict would be set aside for legal insufficiency. (*Loewinthan* v. *Le Vine,* 299 N. Y. 372)" (*Davis* v. *Caristo Constr. Corp.,* 19 A D 2d 518, quoted with approval in *Matter of Lakin* v. *MVAIC,* 23 A D 2d 488.) " In considering a motion to direct a verdict, the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the nonmoving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party. The test is whether the trial court could find 'that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * * presented.' (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245)" (*Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.,* 286 App. Div. 93, 95.) In the present case plaintiffs presented proof from which a jury might find that the injuries in question resulted from defendant's furnishing plaintiff Ruth Wessel with a contact lens which was defective or improperly fitted; defendant presented proof contradicting that offered by plaintiff and which might have exonerated it. Under these circumstances the case should have been submitted to the jury. (*Thomas* v. *City of New York,* 25 A D 2d 787.) (Appeal from judgment and order of Erie Trial Term, in negligence action. Order granted motion to dismiss complaint.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.