█ CITY OF YONKERS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 52717.)—Appeal from a judgment in favor of claimant, entered June 12, 1974, upon a decision of the Court of Claims. On August 28, 1968 the State, pursuant to sections 30 and 349-c of the Highway Law, appropriated in fee a one and three-quarter-acre strip of claimant's land along with permanent and temporary easements totaling another acre of claimant's property in the City of Yonkers. Claimant's property consisted of two contiguous parcels comprising 14 acres total located on the easterly side of Central Park Avenue. On the smaller parcel was constructed a branch of the Yonkers Public Library. The larger parcel consisted of a memorial park and was vacant land, except for two baseball diamonds and accompanying land improvements. The entire property was zoned "MG" (multiple garden apartments or medium density development). Claimant's appraiser valued the property as if in fact it had been rezoned to either "BA", "BR" or "A". The trial court found that the highest and best use of that portion of the appropriated property occupied by claimant's branch library was as zoned. The record does not justify the trial court's finding of a highest and best use for the appropriated contiguous park land different than a use for which it was then zoned. There is no showing that rezoning was a reasonable probability or imminent (*Masten v State of New York*, 11 AD2d 370, affd 9 NY2d 796). The testimony of the claimant's appraiser is rendered of no probative value as it was based on the unfounded assumption that the land had in fact been rezoned. Neither evidentiary support nor adequate explanation can be found to justify the trial court's allowance of a 100% increment to the value of the park land appropriated. The trial court was bound under the record to accept the evaluation of the State's expert. As this court said in *Ridgeway Assoc. v State of New York* (32 AD2d 851, 852): "When, as in this case, the expert opinion of one of the parties is rejected as insubstantial and inadequate to support the court's finding, then no range of testimony exists and consequently the award made by the trial court and every element thereof, if at variance with the remaining expert opinion, must be supported by other evidence and a sufficient explanation provided by the court". Judgment modified, on the law and the facts, by reducing the amount of damages awarded to $509,519.50, with appropriate interest, and, as so modified, affirmed, with costs. Greenblott, Sweeney, Kane, Main and Reynolds, JJ., concur.

█ CITY OF YONKERS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 52716.)—Judgment, Court of Claims, entered on May 8, 1974, affirmed, without costs. No opinion. Greenblott, J. P., Sweeney, Kane and Main, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). I dissent and vote to reverse the award of consequential damages to the high school building on the ground that claimant, as a matter of fact and as a matter of law, has failed to establish such damages and the award of $149,760 for consequential damages to the school building was improper and should be set aside.