■ JANET M. DEALY, as Executrix, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.—In an action on an insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County, dated March 16, 1978, which denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. We agree with Special Term that plaintiff's decedent's activities prior to August 4, 1975, as well as the trade secret agreement against disclosure of July 28, 1975, raise questions of fact as to the date the decedent commenced employment. Accordingly, a trial is warranted. Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.

■ ERHAL HOLDING CORPORATION, Appellant, v JOHN A. KEEFFE et al., Respondents.—Order of the Supreme Court, Westchester County, entered September 13, 1978, affirmed, with $50 costs and disbursements (see *Schneider v Phelps,* 41 NY2d 238). Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.

■ EVA EVANS, Respondent, v JOHN J. NORRIS, Appellant.—In an action to recover certain sums paid pursuant to a contract for the sale of real property, defendant appeals from an order of the Supreme Court, Westchester County, dated July 6, 1978, which denied his motion for summary judgment. (The order incorrectly names plaintiff as the movant.) Order reversed, on the law, with $50 costs and disbursements, and defendant's motion for summary judgment is granted. This action is one to recover $6,130 paid by the respondent vendee pursuant to a contract for the sale of real property. Respondent conceded that she defaulted upon the closing, not having the necessary funds to complete her performance, but denied that her default was willful, claiming that a certain individual to whom she had allegedly assigned her rights under the contract had failed to supply the necessary funds in accordance with his agreement with her. The contract of sale, to which the alleged assignee was not a party, made no provision for the return of any sums paid thereunder upon the default of the respondent vendee and was not conditioned in any way upon the vendee's success in securing the necessary funds to complete the purchase. On this record it is manifest, as a matter of law, that the respondent vendee willfully defaulted under her contract with the appellant vendor. Since such a defaulting vendee may not in law or equity recover her down payment or any additional sums paid upon the contract as consideration for adjournments of the closing, the contract having been amended to provide for such extension upon the specified payment and the vendee having received numerous extensions (*Lawrence v Miller,* 86 NY 131; *Friedland v Argentor Holding Corp.,* 214 App Div 242), appellant's motion for summary judgment should have been granted. Respondent's remedies, if any, lie against her alleged assignee, not appellant. Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.