■ George H. Webster, Jr., Respondent, v Vincent C. Di Trapano et al., Appellants.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered July 26, 1983 in Otsego County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury.

On July 5, 1980, defendants entered into a contract to purchase plaintiff's home for $63,500. The closing was to be on or about August 15, 1980. The contract contained the following two conditions: first, if defendant Vincent Di Trapano failed to obtain employment at a local hospital by July 8, 1980, the contract was to be null and void; second, if a mortgage commitment was not forthcoming by July 25, 1980, defendants could cancel the contract by notifying plaintiff of their inability to acquire financing.

By letter dated July 9, 1980, the hospital informed defendant Vincent Di Trapano that he had secured the position contemplated and, on July 28, 1980, the bank issued defendants a letter of commitment for a $43,500 mortgage. The mortgage was contingent upon the sale of defendants' house in New Jersey. Defendants were unable to close on August 15, 1980 because of their inability to sell the New Jersey home and they did not know then when they might be able to close in the future. The bank's mortgage commitment expired on September 1, 1980. Shortly thereafter, plaintiff placed the real estate back on the market and finally sold it in August of 1981 for $55,000.

A nonjury trial of plaintiff's action to recover for breach of the contract of sale resulted in a damage award to plaintiff based on the difference between the contract price of $63,500 and the $55,000 price at which the house actually sold. Defendants' third-party complaint against the realtor was dismissed. Defendants appeal only from the adverse judgment in the main action.

The contention that defendants' breach was excusable by reason of the defense of impossibility of performance is untenable. Inability of a vendee to obtain funds essential for a closing constitutes a default where the sale "was not conditioned in any way upon the vendee's success in securing [such] necessary funds" (Evans v Norris, 69 AD2d 829). Here, when defendants, one of whom had considerable experience in buying residential property, executed the purchase agreement, they were fully aware that sale of the New Jersey residence had to occur for them to be able to perform the terms of the purchase agreement, yet neglected to provide therein for this

contingency. When the New Jersey property did not sell as readily as anticipated, defendants found themselves not only unable to close on the date of closing, but, admittedly, without any idea as to when they could close. Significantly, plaintiff did not place the property back on the market until early in September, only after defendants' mortgage commitment had expired. Given the omission of the known contingency from the purchase agreement, it cannot be said that defendants' default was excusable (see, Ogdensburg Urban Renewal Agency v Moroney, 42 AD2d 639, 640).

Nor do we find persuasive the claim that plaintiff failed to mitigate damages. Essentially, defendants argue that plaintiff was obliged to accept their offer to lease them the property until the sale of their New Jersey residence transpired. Instead, plaintiff put the property on the open market and, in the meantime, before it was ultimately sold, rented it to another. Clearly plaintiff demonstrated a reasonable effort to mitigate damages (see, Wilmot v State of New York, 32 NY2d 164, 168-169).

With respect to the damages awarded, we find merit in defendants' argument that the proper measure of damages is the difference between the contract price and the market value of the real property at the time of breach (Hayden v Pinchot, 172 App Div 102, 105). Since the trial court expressly found the market value at the time of breach to be $57,500, a figure supported by the evidence, calculation of damages using $55,000 as the base figure, that being the sale price of the property some 11 months later, was inappropriate. Remittal for the purpose of recomputing plaintiff's damages is directed.

Judgment modified, on the law and the facts, without costs, by vacating the amount of damages awarded therein to plaintiff; matter remitted to Trial Term for recomputation of plaintiff's damages in accordance with the decision herein; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.