■ EDWARD J. WORTHINGTON et al., Appellants, v PLANNING BOARD OF THE TOWN OF CARMEL, Respondent. (Proceeding No. 1.) EDWARD J. WORTHINGTON et al., Appellants, v TOWN BOARD OF THE TOWN OF CARMEL, Respondent. (Proceeding No. 2.) (And Two Other Proceedings.)—In consolidated proceedings pursuant to CPLR article 78, *inter alia,* to review (1) a

resolution of the Town Board of the Town of Carmel dated February 13, 1986, which purportedly clarified a prior resolution of the Town Board of the Town of Carmel dated November 28, 1984, which established an open development area and approved a five-lot subdivision of premises owned by the petitioners and (2) a determination of the Planning Board of the Town of Carmel, dated April 16, 1986, which, after a hearing, denied the petitioners' application for further subdivision of their premises, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated August 11, 1986, as dismissed their petitions.

Ordered that the judgment is reversed insofar as appealed from, with costs, the resolution dated February 13, 1986 and the determination dated April 16, 1986 are annulled, and the petitioners' application for a further subdivision of their premises is remitted to the Planning Board for a new hearing and determination in accordance herewith.

In May of 1984, an application was submitted to the Planning Board of the Town of Carmel for approval of a five-lot subdivision of a 54-acre parcel of which the petitioners' property is a part. On November 28, 1984, the Town Board of the Town of Carmel passed a resolution that the subdivision application be accepted for open development, subject only to conditions not now pertinent. On February 20, 1985, the Planning Board of the Town of Carmel granted final subdivision approval to the petitioners, with no restrictions upon the future subdivision of the five newly created lots.

On February 13, 1986, the Town Board issued a resolution which purportedly clarified the resolution dated November 28, 1984, *inter alia,* by prohibiting further subdivision of the open development area. The petitioners' application to subdivide one of the parcels of land which had been created by the initial subdivision was denied by the Planning Board based on this clarification by the Town Board. We find that the clarification by the Town Board of its prior resolution was improper.

Town Law § 280-a (4) provides that a town board may, by resolution, establish an open development area within the town in certain circumstances, and, if there is a planning board in such town, "upon such conditions and subject to such limitations as may be prescribed by general or special rule of the planning board". The section also states that before establishing an open development area the matter shall be referred by the town board to the planning board for its advice. Similarly, Town Law § 276 provides that the town board may

authorize the planning board to approve preliminary and final plats, i.e., drawings showing the layouts of a proposed subdivision. Under the facts and circumstances of this case, the clarification by the Town Board of the Town of Carmel was a usurpation of the authority of the Planning Board to impose conditions and limitations upon the open development area, as well as the authority of the Planning Board to approve or disapprove subdivision plats *(see, SRW Assocs. v Town Bd.,* 121 AD2d 713; 1979 Opns Atty Gen 147-148). Consequently, the Town Board's resolution of February 13, 1986 is annulled, the Planning Board's determination of April 16, 1986, which was premised upon that resolution, is also annulled, and the matter is remitted to the Planning Board for a new hearing and determination on the merits of petitioners' further subdivision application. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.