■ LINDA MATZKOWITZ et al., Respondents, v LEE PRINCE, Appellant. [600 NYS2d 799] —Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered September 16, 1992 in Albany County, which, upon an inquest, directed defendant to pay plaintiffs $72,508 as direct and consequential damages for breach of a real estate contract.

On July 14, 1990 defendant entered into a contract to purchase plaintiffs' home for $312,000. Defendant did not appear to close the transaction on November 9, 1990 and was thereby in default. Plaintiffs immediately placed their property back on the market and in September 1991 they entered into a contract of sale for $241,000. They closed on that sale on October 24, 1991. Plaintiffs commenced this action against defendant and, following a nonjury trial, Supreme Court awarded plaintiffs damages in the amount of $72,508, consisting of the difference between the original contract price and the amount ultimately received for the property, together with the cost of utilities and moving expenses.

On this appeal defendant contends that Supreme Court erred in its calculation of damages by using the sale price of the property some 11 months later. We disagree. Ordinarily, "plaintiffs are entitled to the difference between the price established in their contract with defendant[ ] and the amount ultimately received for the property" *(Binks v Farooq,* 178 AD2d 999, 1001, *lv denied* 80 NY2d 752; *see, Tator v Salem,* 81 AD2d 727; *Cohen v Kranz,* 15 AD2d 938, *affd* 12 NY2d 242) unless there is evidence that the fair market value at the time of the breach is otherwise *(see, Webster v Di Trapano,* 114 AD2d 698). While it is true that defendant offered expert testimony of market value at the time of the breach in excess of the amount ultimately received, plaintiffs' expert offered contrary opinion evidence which created a credibility issue for determination by the trial court that we are loath to disturb *(see generally, Colangione v State of New York,* 187 AD2d 844, 845). In short, we find ample evidence in the record to sustain Supreme Court's determination as to damages and, accordingly, affirm.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.