■ Sylvia K. Ashton et al., Appellants-Respondents, v Richard E. McLenithan et al., Respondents-Appellants, et al., Defendant. [636 NYS2d 936] —Peters, J. Cross appeals from a judgment of the Supreme Court (Dier, J.), entered October 7, 1994 in Washington County, upon a decision of the court in favor of plaintiffs.

In 1991, plaintiffs commenced an action alleging fraud and breach of contract, stemming from the sale of a parcel of land in an area of Washington County which was later approved by the Town of Jackson as the Battenkill Overlook subdivision. In June 1993, the parties settled the action in open court by entering into a written agreement whereby plaintiffs agreed to sell the parcel with their newly constructed home to defendants for $300,000. When defendants failed to perform in accordance with the terms of the agreement, plaintiffs sought damages by order to show cause. Supreme Court denied plaintiffs' motion, with leave to renew, if defendants again failed to perform by a set date. When the date passed, plaintiffs sought judgment for the amount agreed to in settlement—$300,000.

At the nonjury trial thereafter held to determine, inter alia, plaintiffs' damages as the difference in value of the settlement amount and the actual value of the house at the time of the breach, plaintiffs introduced its appraiser, Mark Chestnut, who testified that as of May 1993 the property was valued at $193,000 under the assumption that there was an approved subdivision map. Chestnut testified that this amount was further based upon the status of the property as being in a subdivision that had the potential to be developed but had not yet been commenced. In his report, however, Chestnut noted that development "in a subdivision like this would be dubious".

Chestnut further testified that he used what he deemed to be comparable parcels to assist him in his appraisal. Although Chestnut testified that he inspected the interior of plaintiffs' home, he admitted that he had not inspected the interior portions of any of the other homes he used. Finally, Chestnut testified that his evaluation dramatically changed in September 1993 when he was asked to value the property assuming that it was not located in an approved subdivision and there was no

access to the site. Based upon such assumptions, Chestnut reduced the value of the property to $90,000 due to his belief that a prospective purchaser would have difficulty obtaining a mortgage.

John Pederson, Chairman of the Town of Jackson Planning Board, testified that the subdivision had final approval from the Planning Board and that the map thereof was appropriately filed. Upon his current perusal of the filed map, however, he noted that there was an attachment which indicated that its approval was later rescinded by the Town Board. Pederson testified that at no time had the Planning Board taken action to revoke its final approval.

Thomas Spinrad, plaintiffs' title expert, testified that a temporary easement for ingress and egress was contained in plaintiffs' deed which, by its terms, became permanent upon the filing of a subdivision map. The problem, however, was that the final map, as filed, did not conform to the metes and bounds description contained in plaintiffs' deed and thus while there exists some permanent easements, the property does not abut these easements. A gore was therefore created by such discrepancy which could, in Spinrad's opinion, be cured by the filing of a corrective deed or a judicial determination that there exists an easement by necessity. Spinrad further opined that the purported rescission of subdivision approval by the Town Board was invalid and that the property was fully insurable.[1]

Defendants then proffered the testimony of David Luther, an appraiser, who, after adjustments, appraised the property at $211,000 in November 1992. When asked to adjust his appraisal to reflect its value as of December 1993, Luther testified that his prior appraisal was within a 5% range, plus or minus, of its market value. Luther opined that even without subdivision approval, the property at issue would retain such value because of its many desirable characteristics sought by people seeking homes in a rural area. In determining his most current appraisal, testimony revealed that Luther made various adjustments yet did not take into account any issues addressing access to the property.

Supreme Court found the value of the property to be $214,000 based upon the assessments of value offered by both experts. It then determined damages to be the difference between the settlement price and the value at the time of the

---

1. The record reflects that defendants had offered plaintiffs a corrective deed to eliminate any issue regarding access.

breach, entitling plaintiffs to a judgment of $84,000[2] plus $6,000 for actual expenses. The parties filed cross appeals.

Both parties concede that an appraiser's estimation of value would have no probative value if based upon an "unfounded assumption" (*City of Yonkers v State of New York*, 49 AD2d 647, *affd* 39 NY2d 1006). Since the record reflects that plaintiffs' appraiser based its $90,000 valuation on the assumption that the final subdivision was revoked by the Town Board and since we find no basis to indicate that such action was effective to reverse a final determination of the Planning Board (*see, Worthington v Planning Bd.*, 131 AD2d 466, 468), we reject such estimation outright (*see, City of Yonkers v State of New York, supra; see also,* Town Law § 282).[3]

As to plaintiffs' challenge to defendants' appraisal due to the failure to address issues regarding access, we note that even plaintiffs' expert opined that the necessary easements remained intact and that should any issue remain as a result of the incorrect deed description, such issue could be easily remedied by a corrective deed. Accordingly, plaintiffs' contention that the only valid appraisal evidence was its estimation of value at $90,000 is without merit.

Next addressing defendants' assertion that plaintiffs failed to sustain their burden to demonstrate actual damages (*see, J. R. Loftus, Inc. v White*, 85 NY2d 874; *Davis v Mutual of Omaha Ins. Co.*, 167 AD2d 714), we note that Chestnut's earlier valuation of the property at $193,000, although flawed in some respects, did take into account the real potential that the subdivision would not be developed. It was further consistent with the value given by defendants' appraiser. Thus, we find that Supreme Court properly accorded it the weight it deserved when arriving at its estimation (*see, Matter of Slant/Fin Corp. v Board of Assessors*, 186 AD2d 810, 811) and that there was sufficient evidence for Supreme Court to have made its assessment within the range of values given (*see, Yonkers City Post No. 1666, Veterans of Foreign Wars v Josanth Realty Corp.*, 67 NY2d 1029).

Accordingly, we modify Supreme Court's judgment by adjusting plaintiffs' damage award by the actual difference between $300,000 and $214,000 as $86,000 and, adding the $6,000

---

**2.** Supreme Court's calculations regarding the difference between $300,000 and $214,000 incorrectly reflects a figure of $84,000 when it should reflect a figure of $86,000.

**3.** Even assuming that revocation by the Town Board could be valid, we note that defendants' appraiser testified that his calculation of value would remain the same.

determined by the court for actual expenses, adjust the award to $92,000. As so modified, the judgment is affirmed.

White, J. P., Casey and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by increasing the damages awarded to plaintiffs from $90,000 to $92,000, and, as so modified, affirmed.