■ ELEANOR GUITON, Respondent-Appellant, v JOAN GOTTLIEB, as Executrix of ARNOLD GOTTLIEB, Deceased, Appellant-Respondent. [653 NYS2d 553] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered December 1, 1995, awarding plaintiff damages in the principal amount of $278,825, upon her stipulation to reduce a verdict in lieu of a new trial on damages, unanimously affirmed, without costs. Plaintiff's cross appeal is dismissed, without costs.

Plaintiff introduced expert testimony, uncontradicted by any evidence presented by defendant, that defendant's decedent fabricated 15 unnecessary, ill-fitting crowns in plaintiff's mouth, and that he negligently performed a root canal, all of which resulted in permanent injury and protracted, severe pain to plaintiff. While "[t]he weight to be given to opinion evidence ordinarily is entirely for the determination of the jury" (*Commercial Cas. Ins. Co. v Roman*, 269 NY 451, 456-457), cases in which expert testimony is a necessary element are not excluded from the scope of CPLR 4401, authorizing motions for judgment during trial. If the court, upon viewing the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmoving party, determines that, under the law, a verdict may not be found for the nonmoving party, judgment may be directed in favor of the moving party. The test is whether no rational view of the evidence could support a jury finding in favor of the nonmoving party (*Wessel v Krop*, 30 AD2d 764, 765). Applying this test, we conclude that a verdict on liability against defendant was properly directed by the trial court.

Defendant's argument that the trial court erred in not declaring a mistrial after plaintiff's counsel elicited testimony as to defendant's financial condition is not preserved for appellate review. Defendant's claim that the trial court erred in giving an unadorned recitation of the New York Pattern Jury Instructions on damages is unpreserved, since defendant's

requests to charge consisted entirely of requests that the court charge specified New York Pattern Jury Instructions (CPLR 5501 [a] [3]).

We find the trial court appropriately reduced the jury verdict.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Nardelli and Williams, JJ.