In the Matter of SALVATORE A. SCAROZZA, Appellant, v TUDOR PLAZA, INC., et al., Respondents. [762 NYS2d 322] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Glownia, J.), entered October 15, 2002, which granted defendants-respondents' motion and dismissed the complaint and petition at the close of plaintiff-petitioner's case.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint and the petition are reinstated, and a new trial is granted in accordance with the following memorandum: Plaintiff-petitioner (plaintiff) commenced this combined action/CPLR article 78 proceeding alleging that defendants-respondents (defendants)

unlawfully discriminated against him on the basis of age when they denied his application to purchase shares of stock in their cooperative corporations. At the time of his application, plaintiff was 81 years old. Supreme Court erred in granting defendants' motion for judgment as a matter of law pursuant to CPLR 4401 at the close of plaintiff's case. "[S]uch a motion should not be granted where the facts are in dispute or where different inferences might reasonably be drawn from undisputed facts, or where the issue depends upon the credibility of witnesses (*Sadowski v. Long Is. R.R. Co.*, 292 N. Y. 448, 454-455 [1944]). The court cannot properly undertake to weigh the evidence, but must take that view of it most favorable to the nonmoving party (*Wessel v. Krop*, 30 AD2d 764 [1968]). The test is whether the trial court could find 'that by no rational process could the trier of the facts base a finding in favor of the [non-moving party] upon the evidence here presented' (*Blum v. Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245 [1944])" (*Bartkowiak v St. Adalbert's R.C. Church Socy.*, 40 AD2d 306, 309 [1973]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Viewed in accordance with that standard, the evidence presented by plaintiff with respect to statements made by members of defendants' Board of Directors regarding his application is sufficient to survive the CPLR 4401 motion. Thus, we reverse the order and judgment, deny defendants' motion, reinstate the complaint and the petition, and grant a new trial before a different justice. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.