■ Neil J. Schmidt et al., Appellants, v George P. Turner et al., Respondents. (Appeal No. 1.) [789 NYS2d 380]—

Appeal from a judgment of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered July 1, 2003. The judgment dismissed the complaint upon a jury verdict in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained in an auto accident when the car in which they were riding was struck by a vehicle driven by defendant George P. Turner and owned by defendant Dorothy M. Turner. During the trial, plaintiffs moved for a directed verdict on the issue whether plaintiff Robin Schmidt sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the motion was denied. After the jury rendered a verdict in favor of defendants finding that neither plaintiff sustained a serious injury, plaintiffs further moved to set aside the verdict. In appeal No. 1, plaintiffs appeal from the judgment entered upon the jury verdict. In appeal No. 2, plaintiffs appeal from the order that denied their motion to set aside the jury verdict.

We reject the contention of plaintiffs that Supreme Court erred in denying their motion for a directed verdict pursuant to CPLR 4401. In determining such a motion, the court was required to view the evidence in the light most favorable to the party opposing the motion, and could grant the motion only if it found " ' "that by no rational process could the trier of the facts base a finding in favor of the [defendants] upon the evidence presented" ' " (*Wessel v Krop*, 30 AD2d 764, 765 [1968]). If the facts upon which the motion is based are in dispute or if different inferences might reasonably be drawn from them, then the motion must be denied (*see Matter of Scarozza v Tudor Plaza*, 306 AD2d 927, 928 [2003]). The issue upon which plaintiffs sought the directed verdict was whether plaintiff Robin Schmidt sustained a "serious injury" as defined by Insurance Law § 5102 (d). As there was conflicting testimony regarding the permanency and significance of her injuries, the court properly denied the motion.

We also reject the contention of plaintiffs that the court erred in denying their motion to set aside the jury verdict. A jury verdict should be set aside only where " 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Adamy v Ziriakus*, 92 NY2d 396, 400 [1998], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). There was evidence that, if the jury chose to accept it, supported the conclusion that the injuries sustained by plaintiffs were not sufficiently permanent or consequential to be classified as serious under Insurance Law § 5102 (d). Thus, the court properly denied plaintiffs' motion to set aside the verdict. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.