■ JOHN A. DI SCIPIO, Appellant, v ANN Z. SULLIVAN, as Administrator of the Estate of GAIL A. SULLIVAN, Deceased, Respondent. [816 NYS2d 578]—

Mugglin, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 24, 2005 in Saratoga County, upon a decision of the court in favor of defendant on the issue of actual and/or consequential damages.

The pertinent facts in this breach of real estate purchase contract case are set forth in a companion decision (*Di Scipio v Sullivan,* 30 AD3d 660 [2006] [decided herewith]). Therein, we affirmed Supreme Court's summary judgment order which determined that defendant breached the contract and that plaintiff was entitled to retain the down payment of $99,900 as damages for the breach. Plaintiff then sought an inquest, claiming that he had suffered additional actual or consequential damages. Following the inquest, Supreme Court ruled that plaintiff failed to prove any additional damages by a preponderance of the evidence. Plaintiff appeals, arguing that he proved additional actual damages consisting of a real estate broker's commission owed and real estate taxes, mortgage interest, maintenance expenses and utilities paid, all of which total $116,375.55. Plaintiff seeks reversal of Supreme Court's order so that he may recover these amounts in addition to retaining the down payment.

We begin by recognizing that the measure of damages incurred as a result of a breach of a real estate contract is either the difference between the contract price and a subsequent lower sale price or, where no subsequent sale has occurred, the difference between the contract price and the market value of the real property at the time of breach (*see Ashton v Mc-Lenithan,* 224 AD2d 749, 750-751 [1996]; *Matzkowitz v Prince,*

195 AD2d 842, 842 [1993], *lv denied* 83 NY2d 751 [1994]). Here, plaintiff spurns the commonly accepted measure of damages and, instead, seeks recovery for the aforementioned items. Fatal to his claim, however, is the long-recognized rule that an "award of consequential damages for property taxes, interest on the contract price and broker's commissions is against the weight of authority" (*Tator v Salem,* 81 AD2d 727, 728 [1981]; *see Williams v Associated Mut. Ins. Co.,* 211 AD2d 865, 867 [1995]; *but see Ashton v McLenithan, supra* at 751; *Matzkowitz v Prince, supra* at 842).* Moreover, following the breach, plaintiff retained ownership, use and enjoyment of the premises and, setting aside issues of the adequacy of his proof, he cannot recover mortgage interest expenses, repairs or utilities paid postbreach as such expenses are not proximately caused by the breach and fall in the same category as those barred under the rule expressed in *Tator v Salem* (*supra* at 728).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While in both *Ashton* and *Matzkowitz* damages in excess of the difference between the contract price and either the later selling price or the fair market value were apparently awarded, the parties, and therefore this Court, did not address the propriety of the award of such excess damages.