MARTIN J. RYAN et al., Appellants, v KATHERINE B. CORBETT, Respondent. (Appeal No. 2.) [815 NYS2d 855]—

Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 27, 2005 in a breach of contract action. The judgment, upon defendant's motion for summary judgment, dismissed the complaint and awarded defendant $1,000 on the counterclaim.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated, those parts of the cross motion seeking partial summary judgment on liability and summary judgment dismissing the counterclaim are granted and the counterclaim is dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for defendant's alleged breach of contract to purchase a residence owned by plaintiffs, and defendant counterclaimed for the refund of her $1,000 deposit. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint and awarding defendant judgment on her counterclaim for the refund of her deposit. In addition, the court erred in denying those parts of plaintiffs' cross motion seeking partial summary judgment on liability and summary judgment dismissing the counterclaim. The record establishes as a matter of law that defendant repudiated the agreement

when she informed plaintiffs by letter that she would not be purchasing the property because her housing needs had changed. A repudiation occurs upon an " 'overt communication of intention' not to perform" agreed-upon obligations (*Tenavision, Inc. v Neuman*, 45 NY2d 145, 150 [1978]; *see Howard v Daly*, 61 NY 362, 365-368 [1875]; *see generally Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463 [1977]). Defendant's repudiation excused plaintiffs from tendering their own performance under the agreement (*see Bucciero v Jian Sheng Li*, 191 AD2d 887, 889 [1993]) and warranted them in commencing this action for breach of contract (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462-463 [1998]; *Long Is. R.R. Co.*, 41 NY2d at 463; *AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC*, 14 AD3d 971, 973 [2005]). Plaintiffs met their burden with respect to that part of their cross motion seeking partial summary judgment on liability by establishing that they remained ready, willing, and able to perform their obligations under the contract (*see Cohen v Kranz*, 12 NY2d 242, 247-248 [1963]; *Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 259 AD2d 932, 934 [1999], *lv denied* 93 NY2d 812 [1999]). Plaintiffs further met their burden with respect to that part of their cross motion seeking summary judgment dismissing the counterclaim pursuant to the well-established rule that a "vendee who defaults on a real estate contract without lawful excuse[ ] cannot recover the down payment" (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *see Ittleson v Barnett*, 304 AD2d 526, 528 [2003]; *Cooper v Bosse*, 85 AD2d 616, 618 [1981]). We further conclude, however, that the court properly denied that part of plaintiffs' cross motion with respect to damages inasmuch as there are issues of fact requiring a trial on damages (*see Cooper*, 85 AD2d at 618). Present— Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.