■ TERRENCE L. QUIGG et al., Appellants-Respondents, v THOMAS J. MURPHY et al., Respondents-Appellants. [829 NYS2d 800]—

Appeal and cross appeal from a judgment of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered Febru-

ary 10, 2006 in a personal injury action. The judgment was entered upon a jury verdict in favor of defendants.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion for a directed verdict is denied, the motion to set aside the verdict and for a new trial is granted, the verdict is set aside and a new trial is granted on the issues of causation, serious injury and damages.

Memorandum: Plaintiffs commenced this action seeking damages for injuries Terrence L. Quigg (plaintiff) allegedly sustained when his vehicle was rear-ended by a vehicle operated by defendant Harold C. Jacobs, incorrectly sued as Harold L. Jacobs, and owned by defendant Thomas J. Murphy. Defendants conceded the negligence of Jacobs, and a trial proceeded on the issues of causation, serious injury and damages. At the close of evidence Supreme Court granted plaintiffs' motion for a directed verdict on the issues of causation and serious injury, but it actually charged the jury that "the question of liability or fault has been resolved in favor of the plaintiff as a matter of law." The jury was instructed that it would receive a verdict sheet and that "none" was a possible verdict for each listed item of damages. The jury awarded zero damages for past medical expenses, past pain and suffering, future pain and suffering and the derivative cause of action. The court denied plaintiffs' motion to set aside the verdict and for a new trial on the issue of damages, and judgment was entered upon the verdict. Plaintiffs appeal from the order denying their postverdict motion, and defendants "cross-appeal" from the judgment, contending that the court erred in granting plaintiffs' motion for a directed verdict. Contrary to the contention of plaintiffs, defendants' cross appeal from the judgment is properly before this Court. Plaintiffs' appeal, taken from the intermediate order before the judgment was entered, properly lies from the judgment, not the order, inasmuch as the right of direct appeal from the order terminated upon entry of the judgment (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435 [1989]). We exercise our discretion to treat the notice of appeal as valid and deem plaintiffs' appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988 [1988]; see also CPLR 5520 [c]; Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C., 31 AD3d 1131 [2006]).

We agree with plaintiffs that the court erred in denying their motion to set aside the verdict and for a new trial on the issue of damages given that it had granted their motion for a directed verdict on the issues of causation and serious injury. We also

agree with defendants, however, that the court erred in granting plaintiffs' motion for a directed verdict (*see generally Schmidt v Turner*, 15 AD3d 835, 836 [2005]). While negligence was conceded, there are issues of fact concerning causation. "A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination . . . . Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (*Zapata v Dagostino*, 265 AD2d 324, 325 [1999]; *see Felt v Olson*, 74 AD2d 722, 723 [1980], *affd* 51 NY2d 977 [1980]).

Here, there is evidence from which the jury could have found that plaintiff's injuries were preexisting, and thus the jury was free to reject the uncontradicted medical testimony of plaintiffs' expert (*see Vasquez v Jacobowitz*, 284 AD2d 326, 327 [2001]; *Galimberti v Carrier Indus.*, 222 AD2d 649, 650 [1995]). Although plaintiffs' expert never wavered in his ultimate conclusion that some of plaintiff's symptoms were caused by carpal tunnel syndrome, which was caused by the accident, he admitted that plaintiff had not disclosed his history of preexisting symptoms. The expert further admitted that it was possible that some of the symptoms were caused by the "marked" and "significant" osteoarthritis with radiculopathy from which plaintiff suffered before the accident. Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.