██ Martin J. Ryan et al., Respondents, v Katherine B. Corbett, Appellant. [859 NYS2d 808]—

Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered June 7, 2007 in a breach of contract action. The judgment, after a nonjury trial, awarded plaintiffs damages in the amount of $7,000.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: When this case previously was before us on appeal, we determined, inter alia, that Supreme Court erred in denying that part of plaintiffs' cross motion for partial summary judgment on liability, based on defendant's breach of a contract to purchase a residence owned by plaintiffs (*Ryan v Corbett*, 30 AD3d 1062 [2006]). The court thereafter conducted a nonjury trial on damages, and defendant now appeals from a judgment awarding plaintiffs damages in the amount of $7,000. We agree with defendant that the court erred in relying on the decision of the Third Department in *Di Scipio v Sullivan* (30 AD3d 677 [2006]) in determining the amount of damages. In that case, the Third Department stated that "the measure of damages incurred as a result of a breach of a real estate contract is either the difference between the contract price and a subsequent lower sale price or, where no subsequent sale has occurred, the difference between the contract price and the market value of the real property at the time of breach" (*id.* at 677). Because there was a subsequent sale of the residence, the court in reliance on *Di Scipio* did not consider evidence of the market value of the property at the time of the breach, and it awarded plaintiffs the difference between the contract price and the price received upon the subsequent sale of the property. We instead agree with the decision of the Third Department in a

prior case, in which the court stated that the proper measure of damages is the difference between the contract price and the amount received upon the subsequent sale *"unless* there is evidence that the fair market value at the time of the breach is otherwise" (*Matzkowitz v Prince*, 195 AD2d 842 [1993], *lv denied* 83 NY2d 751 [1994] [emphasis added]; *see Webster v Di Trapano*, 114 AD2d 698 [1985]). Although we thus agree with defendant that the court erred in failing to consider the testimony of her expert appraiser with respect to the fair market value at the time of the breach, we nevertheless conclude, upon our independent review of the record, that the expert's testimony did not establish "that the fair market value at the time of the breach [was] otherwise" (*Matzkowitz*, 195 AD2d 842 [1993]), i.e., it did not outweigh the evidence of value established by the subsequent sale of the property. We therefore affirm the judgment. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.