■ DAVID HOME BUILDERS, INC., Respondent, v TARA A. MIS-IAK et al., Appellants. [937 NYS2d 524]—

Memorandum: Plaintiff commenced this action seeking damages resulting from defendants' breach of a real estate contract for a 10-acre parcel of land and a newly constructed home (hereafter, property). We agree with defendants that Supreme Court erred in granting the motion of plaintiff seeking to set aside the jury's determination concerning the fair market value of the property that served as the basis for the calculation of damages (*see generally* CPLR 4404 [a]). We therefore modify the judgment accordingly. The jury was free to reject the opinion of plaintiff's expert on that issue, even where, as here, the expert's opinion was uncontradicted at trial (*see Quigg v Murphy*, 37 AD3d 1191, 1193 [2007]; *Galimberti v Carrier Indus.*, 222 AD2d 649 [1995]). Further, there was a rational basis for the jury to reject that opinion (*see generally Calderon v Irani*, 296 AD2d 778, 779 [2002]). Inasmuch as the appraisal report of plaintiff's expert was never admitted in evidence, his vague testimony was unsupported by specific evidence of the value of comparable properties. The expert's conclusion with respect to the fair market value of the property was further undermined by the testimony of plaintiff's owner, a licensed real estate broker, that he listed the newly constructed home and two acres of the 10-acre property for approximately $50,000 more than the expert concluded the entire property was worth.

We reject the further contention of defendants, however, that plaintiff's consequential damages were not reasonably foreseeable and contemplated by the parties. Plaintiff is a business engaged in the construction and sale of new homes, and thus the jury was permitted to conclude that the additional carrying, maintenance and marketing costs incurred by plaintiff as a result of defendants' breach of the real estate contract were both reasonably foreseeable and contemplated by the parties (*see American List Corp. v U.S. News & World Report*, 75 NY2d 38, 41 [1989]). Moreover, inasmuch as plaintiff did not benefit

from the occupation, use and enjoyment of the property following that breach, we conclude that the rule precluding, as a matter of law, the recovery of consequential damages by a seller who continues in the use and enjoyment of the property after such a breach does not apply here (*see generally Di Scipio v Sullivan*, 30 AD3d 677 [2006]). Present—Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ.