# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1408**
**CA 10-02017**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

DAVID HOME BUILDERS, INC., PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

TARA A. MISIAK AND DR. MATTHEW M. MISIAK,
DEFENDANTS-APPELLANTS.

---

VINAL & VINAL, BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County
(Frederick J. Marshall, J.), entered June 18, 2010.  The judgment
awarded plaintiff money damages.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the post-trial motion and
reinstating the verdict in its entirety and as modified the judgment
is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages
resulting from defendants' breach of a real estate contract for a 10-
acre parcel of land and a newly constructed home (hereafter,
property).  We agree with defendants that Supreme Court erred in
granting the motion of plaintiff seeking to set aside the jury's
determination concerning the fair market value of the property that
served as the basis for the calculation of damages (*see generally* CPLR
4404 [a]).  We therefore modify the judgment accordingly.  The jury
was free to reject the opinion of plaintiff's expert on that issue,
even where, as here, the expert's opinion was uncontradicted at trial
(*see Quigg v Murphy*, 37 AD3d 1191, 1193; *Galimberti v Carrier Indus.*,
222 AD2d 649).  Further, there was a rational basis for the jury to
reject that opinion (*see generally Calderon v Irani*, 296 AD2d 778,
779).  Inasmuch as the appraisal report of plaintiff's expert was
never admitted in evidence, his vague testimony was unsupported by
specific evidence of the value of comparable properties.  The expert's
conclusion with respect to the fair market value of the property was
further undermined by the testimony of plaintiff's owner, a licensed
real estate broker, that he listed the newly constructed home and 2
acres of the 10-acre property for approximately $50,000 more than the
expert concluded the entire property was worth.

    We reject the further contention of defendants, however, that plaintiff's consequential damages were not reasonably foreseeable and contemplated by the parties.  Plaintiff is a business engaged in the construction and sale of new homes, and thus the jury was permitted to conclude that the additional carrying, maintenance and marketing costs incurred by plaintiff as a result of defendants' breach of the real estate contract were both reasonably foreseeable and contemplated by the parties (see *American List Corp. v U.S. News & World Report*, 75 NY2d 38, 41).  Moreover, inasmuch as plaintiff did not benefit from the occupation, use and enjoyment of the property following that breach, we conclude that the rule precluding, as a matter of law, the recovery of consequential damages by a seller who continues in the use and enjoyment of the property after such a breach does not apply here (see generally *Di Scipio v Sullivan*, 30 AD3d 677).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court