Hoffner v Nelson (2019 NY Slip Op 00783)





Hoffner v Nelson


2019 NY Slip Op 00783


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1352 CA 18-00263

[*1]LEEANN B. HOFFNER, PLAINTIFF-APPELLANT,
v
DAVID E. NELSON, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTIN L. NORFLEET OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 11, 2017. The judgment awarded costs and disbursements to defendant. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In an action to recover damages for personal injuries, plaintiff appeals from a judgment entered upon a jury verdict finding that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of a motor vehicle accident. We affirm.
Plaintiff contends that Supreme Court erred in denying her motion for a directed verdict pursuant to CPLR 4401 on the issue of serious injury because the unrefuted expert testimony established that the accident aggravated a preexisting back injury. We reject that contention. It is well established that a defendant may overcome an allegation of serious injury by demonstrating that the plaintiff's injury was preexisting (see generally Pommells v Perez, 4 NY3d 566, 572 [2005]). Although the two expert witnesses who testified on behalf of plaintiff each opined that plaintiff's leg pain and weakness were causally related to the accident, the jury was not required to accept their opinions to the exclusion of facts disclosed during cross-examination (see Cooper v Nestoros, 159 AD3d 1365, 1366 [4th Dept 2018]; Quigg v Murphy, 37 AD3d 1191, 1193 [4th Dept 2007]). " Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion' " (Quigg, 37 AD3d at 1193; see Cooper, 159 AD3d at 1366). Here, plaintiff's surgeon testified on cross-examination that plaintiff failed to disclose her history of leg pain related to her preexisting back problems and that such information would have been important. Furthermore, the examining physician called by plaintiff as a witness repeatedly testified that he based his opinion in part on the conclusions reached by the surgeon. Based upon the evidence presented, we conclude that there is a rational process by which the jury could have found in favor of defendant (see Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018]; cf. Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
We also reject plaintiff's contention that the court erred in denying her motion to set aside the verdict. Because the jury was at liberty to reject the expert testimony, we cannot say that the evidence so preponderated in favor of plaintiff that the verdict is against the weight of the evidence (see McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]; see also Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court