Chrisanntha, Inc. v deBaptiste (2020 NY Slip Op 06607)





Chrisanntha, Inc. v deBaptiste


2020 NY Slip Op 06607


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


653 CA 19-01460

[*1]CHRISANNTHA, INC., PLAINTIFF-APPELLANT,
v
MARC DEBAPTISTE AND MELISSA DEBAPTISTE, DEFENDANTS-RESPONDENTS. 






ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), dated July 19, 2019. The order granted the motion of defendants for partial summary judgment and dismissed plaintiff's claim for consequential damages. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the claim for consequential damages is reinstated.
Memorandum: In August 2016, the parties executed an agreement pursuant to which defendants would purchase a residence being constructed by plaintiff as part of a larger development project. Although the foundation and framing were largely complete at that time, defendants asked for and received substantial changes to the internal design. In November 2016, defendants terminated the agreement, prompting plaintiff to commence this breach of contract action. Defendants moved for partial summary judgment seeking the dismissal of plaintiff's claim for consequential damages. Supreme Court granted the motion, and we now reverse.
We agree with plaintiff that the court erred in determining that consequential damages are precluded as a matter of law under the circumstances of this case. As a general rule, consequential damages are not available to a seller of residential real estate when the purchaser breaches the contract (see Tator v Salem, 81 AD2d 727, 728 [3d Dept 1981]; see also Di Scipio v Sullivan, 30 AD3d 677, 678 [3d Dept 2006]). That is because, typically, the seller "retain[s] ownership, use and enjoyment of the premises," and it cannot be said that the "mortgage interest expenses, repairs or utilities paid postbreach" are proximately caused by the breach (Di Scipio, 30 AD3d at 678).
Where, however, the seller is a commercial developer, the seller does not live in the home and never intends to do so. Upon the purchaser's breach, the developer begins to incur costs that reduce the profit margin. Such carrying costs may include, among other things, maintenance and utility costs as well as real property taxes. Whereas the ordinary residential seller, by living in the home after the purchaser's breach, receives value for the carrying costs until the subsequent sale, the commercial developer does not receive such value. Instead, the carrying costs are nothing but a financial loss. We recognized that distinction in David Home Bldrs., Inc. v Misiak (91 AD3d 1362 [4th Dept 2012] [Misiak]), which applies here with equal force.
Contrary to defendants' contention, our decision in Misiak was not overruled by White v Farrell (20 NY3d 487 [2013]). In White, the issue presented concerned how to measure actual damages in the resale of a house, and the Court of Appeals stated in a footnote that "any question of whether, or to what extent, the [sellers] were entitled to recover consequential damages is not properly before us" (id. at 493 n 1). The Court of Appeals has not yet considered the issue presented in Misiak.
We also do not agree with defendants that Misiak is at odds with our decision in Tesmer Bldrs. v Cimato (217 AD2d 953, 954 [4th Dept 1995], lv denied 87 NY2d 810 [1996]). In Tesmer Bldrs., the purchaser, who had rescinded the contract, had "not controverted the claim of damages asserted by the seller" (id.). Instead, the purchaser contended that it had not breached the contract at all (see id.).
Finally, we conclude that defendants failed to establish as a matter of law that consequential damages were not foreseeable or contemplated by the parties at the time they executed the agreement (see generally Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192-193 [2008], rearg denied 10 NY3d 890 [2008]). As a result, the burden never shifted to plaintiff to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court